IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> YARUSSI CONSTRUCTION, INC., <br><br> Defendant. | Case No. 19-cv-4170 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), and Charles A. Whobrey, Trustee (collectively, "Central States") filed this action against Yarussi Construction, Inc. ("Yarussi") seeking a judgment for withdraw liability owed by Yarussi under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* Before the Court is Central States' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons discussed below, the Court grants plaintiffs' motion.

**Background**

The following facts are taken from Central States' statement of undisputed material facts and attached exhibits.[1] It is undisputed that the Pension Fund is a multiemployer plan within the meaning of ERISA. Plaintiff Charles A. Whobrey is the Trustee of the Pension Fund and plan and defendant Yarussi is a corporation organized under the laws of the State of New York.

---

[1] These facts are not in dispute because Yarussi did not file a response brief nor a Northern District of Illinois Local Rule 56.1 statement. As such, the facts set forth in Central States' Local Rule 56.1 statement of facts are deemed admitted if supported by the record. *Curtis v. Costco Wholesale Corp.,* 807 F.3d 215, 219 (7th Cir. 2015).

During the relevant time period, Yarussi was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Yarussi was required to remit contributions to the Pension Fund on behalf of certain employees. On July 30, 2017, Yarussi permanently ceased to have an obligation to contribute to the Pension Fund and ceased all covered operations, thereby effecting a complete withdrawal from the Pension Fund. The Pension Fund then determined Yarussi incurred withdrawal liability in the principal amount of $781,043.19.

The Pension Fund then sent notice and demand for payment of the withdrawal liability to Yarussi in March 2019. The notice and demand specifically demanded full payment of the entire amount of the withdrawal liability by April 1, 2019. Yarussi, however, did not make the withdrawal liability payment to the Pension Fund, request review of the withdrawal liability, or demand arbitration to dispute the withdrawal liability.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court views the evidence and draws all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "The principal function of summary judgment is to prevent unnecessary trials by screening out factually

unsupported claims." *James v. Hale*, 949 F.3d 307, 315 (7th Cir. 2020).

**Discussion**

"Employers that withdraw, in whole or part, from underfunded multiemployer pension plans must pay their share of the shortfall." *Central States, Se. & Sw. Areas Pension Fund v. U.S. Foods, Inc.*, 761 F.3d 687, 687–88 (7th Cir. 2014). The MPPAA sets forth a procedure to resolve disputes concerning withdrawal liability. *See* 29 U.S.C. § 1399(b)(2); *Indiana Electrical Workers Pension Benefit Fund v. ManWeb Servs., Inc.,* 884 F.3d 770, 774 (7th Cir. 2018). Specifically, after an employer receives notice and demand for payment of withdrawal liability, the employer has 90 days to request a review of the assessment. *Central States, Se. & Sw. Areas Pension Fund v. Allega Concrete Corp.,* 772 F.3d 499, 500 (7th Cir. 2014). After the request for review, the dispute is then subject to mandatory arbitration. *U.S. Foods, Inc.*, 761 F.3d at 688; 29 U.S.C. § 1399(b)(2)(B). Under this framework, an employer is responsible for withdrawal liability if the fund can establish: (1) the fund is a multiemployer pension plan and defendant is an employer for purposes of ERISA; (2) the fund notified defendant of the assessed withdrawal liability; and (3) defendant failed to pay the withdrawal liability or timely initiate arbitration. *Chicago Truck Drivers v. El Paso Co.,* 525 F.3d 591, 597 (7th Cir. 2008).

Here, it is undisputed that the Pension Fund is a multiemployer pension plan and that Yarussi is an employer for purposes of ERISA. Also undisputed is that Yarussi received a notice and demand for payment of the withdrawal liability on March 18, 2019. The notice and demand required that Yarussi pay the full amount of the withdrawal liability by April 1, 2019. Enclosed with the notice and demand were the "Procedures to Request Review Before the Withdraw Liability Review Committee," which instructed employers how to request review of the determination of withdrawal liability. Yarussi does not deny that it received the notice and demand nor does Yarussi dispute that it did not timely arbitration. (See Dkt 33, Defendant Yarussi's notice that it would not

file a response to the present motion.)

Accordingly, it is too late for Yarussi to contest the withdrawal liability. Thus, the withdrawal liability of $781,043.91 is due and owing and the Pension Fund is entitled to judgment in its favor in this amount.

**Conclusion**

For these reasons, the Court grants plaintiffs' motion for summary judgment [29]. Civil case terminated.

**IT IS SO ORDERED.**

DATE: 9/18/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge