**IN THE U.S. DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND ET AL., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 19CV4170 |
| YARUSSI CONSTRUCTION, INC., ) ) | |
| Defendant. ) ) ) ) | |

**NEW ENGLAND LIFE INSURANCE COMPANY'S
MOTION TO QUASH FOR LACK OF PERSONAL JURISDICTION**

NOW COMES Respondent, NEW ENGLAND LIFE INSURANCE COMPANY, by and through its undersigned counsel, and hereby moves to dismiss Plaintiff's Citation to Discover Assets for lack of personal jurisdiction pursuant to F.R.C.P. Rule 12(b)(2). In support thereof, Respondent states as follows:

**INTRODUCTION**

This Court lacks personal jurisdiction over Respondent, New England Life Insurance Company ("NELICO") in connection with the Plaintiff's Citation to Discover Assets (hereinafter "Citation" and attached as *Exhibit A*). This proceeding involves a citation to discover assets against a Massachusetts life insurance company with its statutory home office in in Massachusetts[1] and a life insurance policy which was signed and delivered in New York to a New York resident.

---

[1] NELICO's statutory home office is in Boston, Massachusetts and its main administrative office is in Charlotte, North Carolina.

Illinois has no suit-related connection to NELICO. Accordingly, this proceeding against NELICO is not properly brought in Illinois.

The Court must have personal jurisdiction over Respondent NELICO for the Court's Orders entered in connection with the Citation to be valid. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014). Plaintiff is expected to ultimately request a turnover order in connection with the policy at issue. The Court's jurisdiction is important because NELICO will have to raise several issues for the Court's determination to avoid future litigation and paying more than what may be actually owed to a potential claimant. This is especially true because NELICO is not a stakeholder and has no interest in any amounts which may become due and owing under the policy. This proceeding requires the Court's consideration of the following issues: (i) protection of the personal information of the individual insured and beneficiary in accordance with privacy laws that NELICO will be required to disclose; (ii) whether Illinois law or New York[2] law applies; and( iii) whether the policy is exempt under applicable law. NELICO should not be forced to participate in these proceedings in a forum where it is not at home and has no connection to Illinois. As such, Plaintiff's Citation should be quashed because this Court lacks personal jurisdiction.

## BACKGROUND

On our about May 27, 2026, Plaintiff served the Citation on NELICO in connection with an underlying judgment entered against Defendant Yarussi Construction, Inc. (hereinafter "Yarussi Construction") in the amount of $1,588,010.84. (***Exhibit A***.) The Citation requests the production

---

[2] New York law arguably applies to the life insurance policy at issue. NELICO is not a stakeholder and does not claim an interest in any applicable benefits which may be due and owing under the Policy. To avoid potential competing claims and liability to claimants, NELICO may seek relief from a court of competent jurisdiction, including but not limited interpleader relief and/or a declaration whether such policy is non-exempt property under applicable law and subject to garnishment proceedings.

of all documents relating to or evidencing monies and repayment of monies held by and/or owed by NELICO with respect to Defendant, Yarussi Construction, including policy no. 0Y067831. (***Exhibit A***.) In addition, the Citation includes the following Interrogatories:

1. On the date of service of the citation, did you have in your possession, custody or control any personal property, monies, and/or assets belonging to Yarussi Construction, Inc.?

2. Identify any and all assets of Yarussi Construction, Inc. that were transferred to, and/or held by, New England Life Insurance Company.

3. Identify any and all insurance policies, contacts, and/or annuities that Yarussi Constructoin, Inc. has with New England Life Insurance Company.

(***Exhibit A***.)

NELICO is incorporated in Massachusetts and has its statutory home office in Massachusetts. (A copy of the Declaration of Kevin Finneran is attached hereto as ***Exhibit B***.) NELICO issued a life insurance policy dated January 31, 2000 (the "Policy") to Defendant Yarussi Construction as owner; however, Defendant Yarussi Construction is not the named insured and is not the only beneficiary under the Policy. (***Exhibit B***.) Defendant Yarussi Construction is incorporated in New York with its principal place of business located at 5650 Simmons Avenue, Niagara Falls, New York 14304. The Policy has no connection to Illinois. (***Exhibit B***.) The Policy was signed in Niagara Falls, New York by a New York resident and issued in the State of New York. (***Exhibit B***.) Neither NELICO nor this Citation proceeding has any connection to Illinois.

## ARGUMENT

Courts have held that a respondent may viably move to quash a citation for lack of personal jurisdiction. *Weinstock v. Islamic Republic of Iran,* 798 F. Supp. 3d 838, 850 (N.D. Ill. 2025)*; see Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,* 2021 WL 3077305, at *1 (N.D. Ill. 2021). For a court to issue a citation to discover assets, the court must have personal jurisdiction over the

3

citation respondents. *Weinstock*, 798 F. Supp. At 850. When assessing its personal jurisdiction, a federal court will ordinarily follow state law in determining the bounds of its jurisdiction over the respondent. Since there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitation on personal jurisdiction, federal courts analyze jurisdiction over the respondent under the Due Process Clause of the Fourteenth Amendment. *Id.*

When personal jurisdiction is challenged under the Federal Rules of Civil Procedure Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Weinstock*, 798 F. Supp. At 850; *see NBA Props., Inc. v. HANWJH,* 46 F.4th 614, 620 (7th Cir. 2022). The Supreme Court has recognized two kinds of personal jurisdiction: general and specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 592 U.S. 351, 358 (2021). Plaintiff cannot show a valid basis for either general or specific personal jurisdiction over Respondent, NELICO. Therefore, the Plaintiff's Citation to Discover Assets should be quashed.

**I.** **This Court does not have general personal jurisdiction over the Respondent.**

A court may assert general jurisdiction over corporations to hear any and all claims against them when their affiliations with the state are so "continuous and systematic" as to render them essentially at home in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a corporation, the paradigm forum for the exercise of general jurisdiction is the place of incorporation and principal place of business. *See id.* at 924.

In *Daimler AG v. Bauman,* the Supreme Court determined that California could not assert general jurisdiction over a foreign corporation which was not incorporated there nor had its principal place of business in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). The Court in *Daimler* highlighted that it rejected the "sprawling view of general jurisdiction" that

4

would subject a corporation to suit in any state where it has an in-state affiliate or where its products are distributed. *Id.* at 136; *Goodyear*, 564 U.S. at 929.

That is precisely the case here. NELICO is neither incorporated in Illinois nor has its principal place of business in Illinois. (***Ex. B*** at ¶¶ 4–5.) NELICO is not "at home" in Illinois at all because it is incorporated in Massachusetts and has its headquarters in Boston, Massachusetts. (***Ex. B*** at ¶ 5.) Thus, this Court does not have general jurisdiction over Respondent.

**II.     This Court does not have specific personal jurisdiction over the Respondent.**

Specific personal jurisdiction rests on "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (quoting *Bristol-Myers Squibb Co. v. Superior Ct.,* 582 U.S. 255, 262)). For specific personal jurisdiction, there must be (1) purposeful availment—the defendant must have certain minimum contacts with the forum state; (2) ***relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities***; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Id.*

Here the Citation potentially involves a policy issued in New York does not arise out of or relate to any activity in Illinois.  Specifically, for the relatedness prong, the Court must assure itself that the respondent's minimum contacts with the forum state are "suit-related." *Id.* (quoting *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 400 (7th Cir. 2020)). Further, the respondent's suit-related conduct must create a substantial connection with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 801 (7th Cir. 2014). Essentially, specific

5

jurisdiction exists when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. *See B.D. by & through Myer*, 91 F.4th at 861.

Here, Plaintiff cannot establish specific personal jurisdiction because it cannot establish that the Plaintiff's Citation arises out of or relates to any contact of NELICO with Illinois, a key requirement to exercise jurisdiction over NELICO. *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 801; *Curry*, 949 F.3d at 400. In *Advanced Tactical*, the court refused to find specific personal jurisdiction over the defendant where the defendant's sales in Illinois were not related to the claims underlying the suit. More so than in *Advanced Tactical*, this Court should refuse to exercise personal jurisdiction over NELICO because the Policy was issued in New York by a Massachusetts corporation and signed in New York by a New York citizen. (***Exhibit B***.) There simply are no relevant contacts in Illinois that are suit-related. As the Respondent has no relevant contacts with the state of Illinois, the Court does not have specific personal jurisdiction over NELICO.

In conclusion, NELICO is not "at home" in Illinois, and the Citation did not arise out of NELICO's contact with Illinois, especially when NELICO issued the policy in New York. As such, the Court has neither specific nor general jurisdiction over the Respondent, this Court should quash the Citation to Discover Assets served on NELICO.

WHEREFORE, Respondent New England Life Insurance Company respectfully requests this Court quash the Citation to Discover Assets, and for any other relief deemed just and proper.

By: /s/ Heather Erickson
Attorney for Respondent

Heather D. Erickson (#6269711)
Attorney for Respondent
Sanchez Daniels & Hoffman, LLP
200 W. Madison St.
Chicago, IL 60606
(312) 641-1555
herickson@sanchezdh.com

7

**IN THE U.S. DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19CV4170 |
| YARUSSI CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) ) | |

**<u>NOTICE OF HEARING</u>**

To:     All attorneys of record:

**YOU ARE HEREBY NOTIFIED** that on **August 4, 2026, at 10:00 a.m**., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Sharon Johnson Coleman, or any judge sitting at Room 1241 at the Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Chicago, IL 60604, and shall then present **RESPONDENT NEW ENGLAND LIFE INSURANCE COMPANY'S MOTION TO QUASH FOR LACK OF PERSONAL JURISDICTION**, a copy of which is attached hereto.

Heather D. Erickson (#6269711)
Attorney for Respondent New England Life Insurance Company
SANCHEZ DANIELS & HOFFMAN, LLP
200 West Madison St., Suite 2950
Chicago, Illinois 60606
(312) 641-1555
HErickson@SanchezDH.com

**<u>PROOF OF SERVICE</u>**

I, the undersigned, hereby certify that on **July 23, 2026**, the foregoing document was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF electronic filing system. I further certify that the CM/ECF system will send notification of such filing to all counsel of record who are registered CM/ECF users.

/s/ *Stefani Andino*