**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, And CHARLES A. WHOBREY, as Trustee | )<br>)<br>) Case No. 19-cv-4170 |
| Plaintiffs-Judgment Creditors, | )<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) Magistrate Judge Daniel P. McLaughlin |
| YARUSSI CONSTRUCTION, INC. | )<br>) |
| Defendant-Judgment Debtor, And | )<br>)<br>) |
| BRIGHTHOUSE FINANCIAL, INC., | )<br>)<br>) |
| *Respondent.* | ) |

**PLAINTIFFS-JUDGMENT CREDITORS' RESPONSE TO BRIGHTHOUSE FINANCIAL, INC.'S MOTION TO QUASH CITATION TO DISCOVER ASSETS**

Plaintiffs-Judgment Creditors, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey as trustee (collectively, "Central States"), by their attorneys, respond to Respondent Brighthouse Financial, Inc.'s Motion to Quash Citation to Discover Assets (Dkt. No. 66) as follows:

## I.     BACKGROUND AND INTRODUCTION

On June 21, 2019, Central States filed suit against Defendant Yarussi Construction, Inc. to collect the withdrawal liability, interest, and statutory damages. (Dkt. No. 1.) On October 7, 2020, the Court entered an amended judgment against Yarussi

- 1 -

FV: 531145861 / 19410009 / 8/6/26

Construction in the amount of $1,019,069.81, plus post-judgment interest.[1] (Dkt. No. 44.) That judgment remains wholly unpaid.

On March 18, 2026, Central States issued the Citation to Discover Assets ("Citation") to Respondent Brighthouse Financial, Inc. ("Brighthouse") (Dkt. No. 61) after obtaining information indicating that Brighthouse or one of its affiliated entities may have issued a life insurance or annuity policy to Defendant Yarussi Construction. Central States investigated Brighthouse's contacts with Illinois and determined that Brighthouse conducts insurance business in Illinois and issues insurance products in this State. Based on that investigation, Central States had a good-faith basis to believe that Brighthouse was subject to this Court's personal jurisdiction and that issuance of the Citation was appropriate.

On March 24, 2026, Central States served the Citation on Brighthouse. (A true and correct copy of the Affidavit of Service is attached hereto as Exhibit A.) After service of the Citation, counsel for Brighthouse represented that Brighthouse did not issue any life insurance or annuity policy to Yarussi Construction and that New England Life Insurance Company was instead the entity that issued the policy. Consistent with that representation, Central States promptly issued a Citation to Discover Assets to New England Life Insurance Company (Dkt. No. 64) and have not sought any turnover of assets from Brighthouse. Brighthouse likewise represents in its Motion to Quash that it "did not issue any policies or other products to Defendant Yarussi Construction." (Mot. to

---

[1] The judgment was amended to include mandatory statutory damages that were omitted from the original judgment.

- 2 -

Quash, Dkt. No. 66, at 2; Finneran Decl., Dkt. No. 66-1, Ex. B ¶ 4.) Brighthouse also acknowledges that, after Central States was advised of that fact, Central States issued a Citation to Discover Assets to New England Life Insurance Company. (Mot. to Quash, Dkt. No. 66, at 2 n.1; Dkt. No. 66-1, Ex. C.)

## II.     ARGUMENT

Federal Rule of Civil Procedure 69(a)(1) provides that proceedings in aid of execution of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Accordingly, Illinois law governs Plaintiffs' post-judgment collection efforts in this Court. See *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010) ("Supplementary proceedings are post-judgment processes that support the judgment creditor in asset discovery and final satisfaction of judgment," and Rule 69(a) directs federal courts to apply the procedures of the forum state.); *Motorola Solutions, Inc. v. Hytera Commc'ns Corp.*, No. 17 C 1973, 2021 WL 3077305, at *2 (N.D. Ill. Mar. 25, 2021) (explaining that Rule 69(a) incorporates Illinois supplementary proceedings under section 2-1402 of the Illinois Code of Civil Procedure and Illinois Supreme Court Rule 277). Under Illinois law, a judgment creditor may initiate supplementary proceedings by serving a citation to discover assets upon the judgment debtor or a third party believed to possess property of or be indebted to the judgment debtor. 735 ILCS 5/2-1402; Ill. S. Ct. R. 277.

Plaintiffs issued the Citation because they reasonably believed Brighthouse might possess property or be indebted to the judgment debtor. Brighthouse has now represented that it did not issue the relevant policy and possesses no property or assets

- 3 -

FV: 531145861 / 19410009 / 8/6/26

of the judgment debtor. As such, whether the Court has personal jurisdiction over Brighthouse is largely moot.

## III.     CONCLUSION

Based on Brighthouse's representation that it neither issued the policy at issue nor possesses assets of the judgment debtor, Central States does not oppose the Motion to Quash. Accordingly, it is unnecessary to address the personal jurisdiction issue.

Respectfully Submitted,

*/s/  Cara Anthaney*

Cara Anthaney
(ARDC #6304583)
Central States Funds
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2367
canthane@centralstatesfunds.org

August 6, 2026

*ATTORNEY FOR PLAINTIFFS*

FV: 531145861 / 19410009 / 8/6/26