**IN THE U.S. DISTRICT COURT**
**OF THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND ET AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 19CV4170 |
| YARUSSI CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |

**NEW ENGLAND LIFE INSURANCE COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION TO QUASH**
**CITATION TO DISCOVER ASSETS**

NOW COMES Respondent, NEW ENGLAND LIFE INSURANCE COMPANY ("NELICO"), by and through its undersigned counsel, and hereby submits its Reply in support of its motion to quash Plaintiff's Citation to Discover Assets pursuant to F.R.C.P. Rule 12(b)(2). In support thereof, Respondent states as follows:

The Citation to Discover Assets should be quashed as Plaintiff has not proven that this Court has either general or specific personal jurisdiction over NELICO in this proceeding. NELICO is neither an alleged wrongdoer nor stakeholder in this case. Rather, NELICO merely issued a life insurance policy in New York to a New York resident with the insured and one of the beneficiaries also being a New York resident (Dkt. #76-1). With respect to that policy, NELICO will be asked to disclose protected information regarding non-party individuals (insured and beneficiary) and ultimately may be ordered to turn over policy proceeds, unless the policy is determined to be an exempt asset under applicable law. NELICO further, in its compliance in the

proceeding, may be subject to liability due to the potential competing interests to the policy among Plaintiff-creditor, Defendant, the insured and the individual beneficiary, at least in part, because this may be an exempt asset. The Court's jurisdiction is therefore an important issue even though NELICO is not a stakeholder in the underlying lawsuit due to the issues surrounding this particular Citation. As such, for NELICO, the Citation is but one piece of this proceeding to which NELICO may need to be a party, albeit directly or indirectly. Appreciably, "[p]ersonal jurisdiction ... is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014), *quoting Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S.Ct. 1563 (1999). To that end, the Plaintiff must demonstrate that the Court has personal jurisdiction over NELICO in this proceeding. *See Weinstock*, 798 F. Supp. at 850; *see NBA Props., Inc. v. HANWJH,* 46 F.4th 614, 620 (7th Cir. 2022).

In spite of this, Plaintiff does not show that this Court has general personal jurisdiction over NELICO under *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) because NELICO is not "at home" in Illinois. *See Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). NELICO is incorporated in Massachusetts and has its statutory home office in Boston, Massachusetts. (***Ex. B*** at ¶ 5.) Moreover, while NELICO has appointed the Director of Insurance as an agent for service of process in Illinois pursuant to the Insurance Code, the Illinois Supreme Court and longstanding Seventh Circuit decisions have held that registration and appointment of an agent for service of process do not constitute consent to general jurisdiction and do not waive due process limitations. *See Aspen American Insurance Company v. Interstate Warehousing, Inc.*, 2017 IL 121281, 90 N.E3d 440 (Ill.S.Ct. 2017); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990) ("Registering to do business is necessary precursor to engaging in business activities in the

forum state. However, it cannot satisfy … standing alone … the demands of due process."); *see also* *Perez v. Air & Liquid Sys. Corp.*, 2016 WL 7049153 (S.D. Ill. Dec. 2, 2016) (holding that Illinois's registration statutes contained no language expressly advising a foreign corporation that registration constitutes consent to general jurisdiction).

Plaintiff relies on *Mallory v. Norfolk Southern Railway Co.*, but this proceeding and the *Mallory* case are distinguishable. *See* 600 U.S. 122, 143 S. Ct. 2028, 216 L. Ed. 2d 815 (2023). The Supreme Court in *Mallory* specifically examined Pennsylvania's registration statute, which explicitly provides that registration to do business in Pennsylvania permits courts in Pennsylvania to exercise general personal jurisdiction. *See* 42 Pa. Cons. Stat. § 5301(a)(2)(i). This is dissimilar to the present proceeding where Plaintiff is requesting this Court to examine section 112 of the Illinois Insurance Code, which requires insurers to appoint the Director of Insurance for service of process, but, unlike the Pennsylvania registration statute, does not explicitly provide that insurance companies consent to Illinois courts' exercise of general personal jurisdiction. *See* 215 ILCS 5/112.

The United States Supreme Court in *Mallory* acknowledged that its decision was limited to the state law and facts before it and specifically noted that "[t]o decide this case, we need not speculate whether any other statutory scheme and set of facts would suffice to establish consent to suit." *See Mallory*, 600 U.S. at 134, 143 S. Ct. at 2038. As *Mallory* did not decide that section 112 of the Illinois Insurance Code and facts similar to the present proceeding would suffice to establish a foreign insurer's consent to suit in Illinois, *Mallory* does not directly control here and need not be followed in deciding the issue of jurisdiction in this proceeding. *See Mallory*, 600 U.S. at 136, 143 S. Ct. at 2038.

Indeed, there appears to be no Illinois or Seventh Circuit court ruling that by appointing the Director of Insurance as attorney for service of "all lawful process in any action or legal proceeding" under section 112 of the Illinois Insurance Code, 215 ILCS 5/112, constitutes consent to general jurisdiction in Illinois under the framework of the *Mallory* case. Importantly, unlike the Pennsylvania statute at issue in *Mallory*, this provision of the Illinois Insurance Code is a mechanism for service of process and does <u>not</u> expressly provide that such authorization of service upon the Illinois Director of Insurance is consent to general jurisdiction in Illinois. 215 ILCS 5/112. Section 112 of the Illinois Insurance Code makes no mention of jurisdiction at all. *Id*. The reasoning in *Aspen American Ins. Co.*, that service-of-process provisions do not constitute consent to general jurisdiction, equally applies to section 112 of the Insurance Code where the Insurance Code provision does not use the terms "personal jurisdiction" or "general jurisdiction." 90 N.E. 3d at 447. Thus, Plaintiff's consent-by-registration theory should be rejected in this case.

Rather, the cases that directly control and should be followed in this proceeding are those holding that corporations are subject to general jurisdiction where they are incorporated or headquartered and "at home" and those holding that registering to do business or appointment of a service agent alone is insufficient to find general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990). As NELICO is not "at home" in Illinois and its registration under section 112 of the Illinois Insurance Code is not sufficient to confer general jurisdiction by this Court, Plaintiff's Citation should be quashed. Further, as the underlying insurance policy at issue in the Citation proceeding was issued in New York to a New York resident and has no connection to Illinois, the Citation should be quashed for lack of specific jurisdiction. *See B.D. by & through Myer v. Samsung SDI Co*., 91 F.4th 856, 861 (7th Cir. 2024); *Advanced Tactical Ordnance Sys., LLC,* 751 F.3d at 801.

WHEREFORE, Respondent New England Life Insurance Company respectfully requests this Court quash the Citation to Discover Assets, and for any other relief deemed just and proper.

By: /s/ Heather Erickson
Attorney for Respondent,
*New England Life Insurance Company*

Heather D. Erickson (#6269711)
Attorney for Respondent
Sanchez Daniels & Hoffman, LLP
200 W. Madison St.
Chicago, IL 60606
(312) 641-1555
herickson@sanchezdh.com

**IN THE U.S. DISTRICT COURT**
**OF THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND ET AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 19CV4170 |
| YARUSSI CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

To: All attorneys of record.

YOU ARE HEREBY NOTIFIED that the undersigned, on oath, certifies that she caused the following documents, with enclosures referred to therein, if any, to be served by ECF filing system to the attorney(s) of record at the address(es) of record prior to 5:00 p.m. on **August 25, 2026**:

**NEW ENGLAND LIFE INSURANCE COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION TO QUASH**
**CITATION TO DISCOVER ASSETS**

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109. I certify that the statements set forth herein are true and correct.

*Stefani Andino*________
/s/ Signature

Heather D. Erickson (#6269711)
Sanchez Daniels & Hoffman, LLP
Attorneys for New England Life Insurance Company
200 W. Madison St. Suite 2950
Chicago, IL 60606
T: (312) 641-1555
HErickson@sanchezdh.com