**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Central States, Southeast and Southwest Areas Pension Fund, et al.

Plaintiff,

v.

Case No.: 1:19−cv−04170
Honorable Sharon Johnson Coleman

Yarussi Construction, Inc.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, November 19, 2026:

MINUTE entry before the Honorable Daniel P. McLaughlin: Respondent Brighthouse Financial, Inc.'s Motion to Quash Citation to Discover Assets [66] is granted because Plaintiffs ultimately state that they do "not oppose the Motion to Quash." ([81] at 4.) Respondent New England Life Insurance Company's Motion to Quash for Lack of Personal Jurisdiction [76] is also granted. New England moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks personal jurisdiction over it. Plaintiffs essentially concede that general and specific personal jurisdiction are lacking in the minimum−contacts sense. However, they argue that "New England Life consented to personal jurisdiction in Illinois" because "New England Life voluntarily obtained and continued to maintain authority to transact business in Illinois under a statutory scheme requiring it to appoint the Director of Insurance as its attorney for service of 'all lawful process in any action or legal proceeding against it.'" ([82] at 8 (citing 215 ILCS 5/112).) However, Section 112 of the Illinois Insurance Code does not mention personal jurisdiction or consent to personal jurisdiction. Plaintiffs&#0;39; supporting authority is therefore inapposite. See Mallory v. Norfolk S. Ry. Co., 600 U.S. 122 (2023). The Seventh Circuit has explained that while "[r]egistering to do business [may be] a necessary precursor to engaging in business activities in the forum state" that "cannot satisfy... standing alone... the demands of due process" for purposes of personal jurisdiction. Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239, 1245 (7th Cir. 1990). Consistent with that authority, this Court concludes that New England did not consent to personal jurisdiction in Illinois when it obtained authority to transact business in Illinois under the Illinois Insurance Code. See Aspen Am. Ins. Co. v. Interstate Warehousing, Inc., 90 N.E.3d 440, 447 (Ill. 2017) ("[T]he fact that a foreign corporation registered to do business in Illinois is subject to the same duties as a domestic one in no way suggests that the foreign corporation has consented to general jurisdiction."). Accordingly, Plaintiffs' sole responsive argument is unavailing and New England's motion to quash must be granted. The Citation to Discover Assets directed to New England is hereby quashed. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. Mailed notice(maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.